UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

WALTER MITCHELL,

    Plaintiff,

        v.                        CAUSE NO. 3:25-CV-521-HAB-SLC

POWELL, et al.,

    Defendants.

## OPINION AND ORDER

Walter Mitchell, a prisoner without a lawyer, filed a complaint under 42 U.S.C. § 1983. (ECF 1.) As required by 28 U.S.C. § 1915A, the court must screen the complaint and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Mitchell is proceeding without counsel, the court must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

## FACTS

Mitchell is an inmate at Miami Correctional Facility ("MCF"). He claims that on or about December 13, 2024, Officers Berry and Marshall (first names unknown)

sprayed him with an "excessive" amount of chemical spray while he was in his cell and then refused to take him for a decontamination shower. He suffered an asthma attack and asked the officers, as well as Sergeant Powell (first name unknown), for medical assistance. They allegedly ignored him, and an hour later he was found unresponsive in his cell by other prison staff. He had to be taken to an outside hospital for emergency medical treatment. He claims he was in a coma for some period and has lingering problems with his kidneys and other permanent impairments because of this incident.

## ANALYSIS

Under the Eighth Amendment, inmates cannot be subjected to excessive force. The "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (citation omitted). Several factors guide the inquiry of whether an officer's use of force was legitimate or malicious, including the need for an application of force, the amount of force used, and the extent of the injury suffered by the prisoner. *Id.*

Giving Mitchell the inferences to which he is entitled at this stage, he has alleged a plausible excessive force claim against the officers. He claims they sprayed more chemical spray in his cell than was necessary under the circumstances, and then refused to allow him to decontaminate himself. Although it is not clear what precipitated the use of the spray in the first place, the court must afford Mitchell all favorable inferences at this stage. The complaint can be read to allege that the officers took these actions not

to restore order, but to cause him pain. He has alleged enough to proceed further against Officers Berry and Marshall.

The Eighth Amendment also entitles inmates to adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To state a claim for the denial of this right, a prisoner must allege (1) he had an objectively serious medical need and (2) the defendant acted with deliberate indifference to that medical need. *Id.* A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious even a lay person would recognize as needing medical attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). "[C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (internal citations and quotation marks omitted).

Giving Mitchell the inferences to which he is entitled, he alleges a plausible denial of medical care claim against all three defendants. He claims they were aware he was suffering ill effects from the chemical spray but did nothing to help him. He claims he lost consciousness, was in a coma for some period, and suffered permanent injuries. He will be permitted to proceed further on a claim for damages against the defendants for denying him necessary medical care under the Eighth Amendment.

As a final matter, along with the complaint Mitchell filed a "Motion for Pavey Hearing." (ECF 3.) However, the motion was signed by another inmate and not by

3

Mitchell. (*Id.* at 1.) This violates Federal Rule of Civil Procedure 11(a), which requires that every filing be signed by an attorney of record, or by the party personally if the party is unrepresented as Mitchell is. FED. R. CIV. P. 11(a). Mitchell may only proceed on his own behalf or through a licensed attorney in federal court. *In re IFC Credit Corp.*, 663 F.3d 315, 318 (7th Cir. 2011); *Elustra v. Mineo*, 595 F.3d 699, 704 (7th Cir. 2010). Another pro se inmate may assist him but may not file documents on his behalf.

In any event, his request is premature. A hearing under *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008), is necessary when there are disputed issues of fact surrounding an inmate's efforts to exhaust. Exhaustion is an affirmative defense that the defendants have the burden of pleading and proving. *Jones v. Bock*, 549 U.S. 199, 216 (2007). The defendants in this case have not been served, let alone raised an exhaustion defense. The motion will be denied.

For these reasons, the court:

(1) GRANTS the plaintiff leave to proceed against Officer Berry and Officer Marshall in their personal capacity for monetary damages for using excessive force against him in violation of the Eighth Amendment on or about December 13, 2024, when the sprayed him with an excessive amount of chemical spray and denied him a decontamination shower;

(2) GRANTS the plaintiff leave to proceed against Sergeant Powell, Officer Berry, and Officer Marshall in their personal capacity for monetary damages for denying him medical care in violation of the Eighth Amendment after he suffered ill effects from the chemical spray;

(3) DISMISSES all other claims;

(4) DENIES the plaintiff's motion for a *Pavey* hearing (ECF 3);

(5) DIRECTS the clerk to request a Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Sergeant Powell, Officer Berry, and Officer Marshall (first names unknown) at the Indiana Department of Correction and to send them a copy of this order and the complaint pursuant to 28 U.S.C. § 1915(d);

(6) ORDERS the Indiana Department of Correction to provide the U.S. Marshals with the full name, date of birth, and last known home address of any defendant who does not waive service, to the extent such information is available; and

(7) ORDERS Sergeant Powell, Officer Berry, and Officer Marshall to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this order.

SO ORDERED on June 26, 2025.

s/Holly A. Brady
CHIEF JUDGE
UNITED STATES DISTRICT COURT